# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re: )<br>    Mikk Wardwell, )<br>)<br>                  Debtor )<br>_____ )<br>)<br>William and Lori Smith, )<br>               Plaintiffs )<br>)<br>    v. )<br>)<br>Mikk Wardwell, )<br>               Defendant ) | Chapter 7<br>Case No. 09-11362<br><br><br><br><br><br>Adv. Pro. No. 10-1001 |

## MEMORANDUM OF OPINION

This matter comes before the court on a stipulated record. At issue is the extent to which a state court default judgment entered for, among other reasons, fraud, will suffice to establish the nondischargeability of the debt in this §523(a)(2) action.[1] For the reasons which follow, judgment will enter for the Defendant. This memorandum will constitute my findings of fact and conclusions of law.

The Defendant contracted to construct a home for the Plaintiffs. After disagreement arose concerning the Defendant's performance, the Plaintiffs brought a seven court complaint in the Maine Superior Court. One count of that complaint asserted fraud. When the Defendant failed to answer the complaint, a default

---

[1] The complaint also asserts a claim under §523(a)(11), which concerns fraud "while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union." That provision is not factually implicated in this action, and is not pursued by the parties in their written submissions.

entered against him.  The Defendant also failed to appear for the damages hearing, and judgment entered against him.  The Plaintiffs seek to use that state court judgment to prove the nondischargeability of their claim in this adversary proceeding.

Under the full faith and credit statute, 28 U.S.C. §1738, a federal court should award the same preclusive effect to a state court judgment that the state would give it.  See In re Slosberg, 225 B.R. 9, 13 (Bankr. D. Me 1998).

> The doctrine of res judicata is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once.  The doctrine has developed two separate components, issue preclusion and claim preclusion,  Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.  Claim preclusion bars relitigation if (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision were, or might have been litigated in the first action.

Machias Savings Bank v. Ramsdell, 689 A.2d 595, 599 (Me. 1997).   As the dischargeability of the debt was not litigated in the state court, claim preclusion will not apply.  See Slosberg, 225 B.R. at 13, n. 3.  We are therefore left with the question of the extent to which issue preclusion will permit the Plaintiff to prevail.  In Maine, it is uncertain whether issue preclusion would apply to issues determined by default.  In Irving Pulp & Paper Ltd v. Kelly, 654 A.2d 416, 418 (Me. 1995), the Law Court noted that "A judgment by default is just as conclusive on the rights

of the parties as a judgment on a demurrer or verdict." That case, however, involved claim preclusion as opposed to issue preclusion. On the question whether a default judgment is entitled to issue preclusive effect, this court can either make its best guess as to how the state's highest court would determine the issue, or certify the question to that court. See Boston Gas Co. v. Century Indem. Co., 529 F.3d 8, 13 (1st Cir. 2008). In this case, however, that issue need not be decided because, as will be seen below, less than all issues necessary to a nondischargeability finding were determined in the state court.

A defendant is not entitled to discharge under §523(a)(2) if

> (1) he makes a false representation , (2) he does so with fraudulent intent, i.e. with "scienter,", (3) he intends to induce the plaintiff to rely on the misrepresentation, and (4) the misrepresentation does induce reliance, (5) which is justifiable, and (6) which causes damage (pecuniary loss).

Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).

There is no evidence in the record of any factual findings accompanying the state court judgment. In the absence of such findings, one may assume that the state court found the facts as asserted in the complaint. See In re Sutherland-Minor, 345 B.R. 348, 356 (Bankr. D. Col. 2006). The state court complaint, as it relates to fraud, alleges that "[t]he Defendant agreed to furnish all labor and materials for construction of the house for the Plaintiffs", "Plaintiffs relied on the Defendant (sic) assurances, representations and guarantees that he would construct

3

the house pursuant to the parties' agreement", and that "[t]he Defendant failed to construct the house pursuant to the agreement, failed to provide materials as agreed, failed to perform services as agreed, failed to complete construction in a timely manner, and as agreed in the contract and forced the Plaintiffs to pay additional sums of money".  From the default judgment based upon these allegations, it is impossible to conclude that the statements made by the Defendant were false at the time they were made, or that they were made with fraudulent intent.  Moreover, there is no allegation in the complaint from which such inferences may be drawn.  Therefore, the full weight of the default judgment, based upon the allegations of the state court complaint, is insufficient to establish all the facts necessary for a conclusion of nondischargeability.  As the parties rest upon that state court record, judgment will enter for the Defendant.  A separate judgment will issue.

DATED: December 8, 2010

_____
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court